IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRIAN JUDAH BEISCHL MICHALEK                                              PLAINTIFF

v.                              Case No. 6:24-cv-6053

ROCKPORT, CITY OF; and
MALVERN POLICE DEPARTMENT
                                                                        DEFENDANTS.

**ORDER**

On April 3, 2024, Plaintiff Brian Judah Beischl Michalek, a prisoner, initiated this *pro se* civil rights matter pursuant to 42 U.S.C. § 1983 in the Eastern District of Arkansas, and the case was subsequently transferred to this District. (ECF Nos. 1, 2). Before the Court is Plaintiff's failure to comply with the orders of the Court.

Upon transfer to this District, United States Magistrate Judge Barry A. Bryant ordered Plaintiff to either submit a complete *in forma pauperis* ("IFP") application or pay the full filing fee of $405 by May 6, 2024, failing which this matter would be subject to dismissal for failure to prosecute. (ECF No. 5). That same day, after noting potential legal and factual deficiencies with Plaintiff's Complaint, Judge Bryant also ordered Plaintiff to submit an amended complaint by the same deadline of May 6, 2024. (ECF No. 6).

On May 6, 2024, Plaintiff submitted an Amended Complaint (ECF No. 7) and IFP application (ECF No. 8). On May 7, 2024, after noting that the IFP application did not include Plaintiff's certificate of inmate accounts and assets form as required by law, *see* 28 U.S.C. § 1915(a)(2), and that Plaintiff's Amended Complaint was also deficient, United States Magistrate Judge Christy Comstock ordered Plaintiff to submit a second amended complaint and a complete IFP application by June 3, 2024, failing which this matter would be subject to dismissal

for failure to comply with court orders. (ECF No. 9). To aid Plaintiff in complying with this order, Judge Comstock directed the clerk to mail Plaintiff a copy of this District's approved IFP application and 1983 complaint form. *Id.* That order was not returned as undeliverable.

When the June 3, 2024 deadline passed with no response from Plaintiff, Judge Comstock entered an order to show cause as to why this matter should not be dismissed for failure to comply with court orders. (ECF No. 10). The deadline to respond to the show cause order was June 28, 2024. On June 17, 2024, that order was returned as undeliverable. (ECF No. 11). In accordance with the Local Rules, Plaintiff's deadline for providing an updated address was July 17, 2024. *See* Local Rule 5.5(c)(2). The deadline to respond to the Court's Show Cause Order has now passed, and Plaintiff has failed to respond or communicate with this Court in any way.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with

2

*any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with two court orders. *See* ECF Nos. 9, 10. Further, Plaintiff has failed to provide his updated contact information as required by Local Rule 5.5(c)(2). Therefore, this case is subject to dismissal. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), this matter is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 14th day of November, 2024.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge